IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 04-20100-01-CM |
| ) | |
| JAIMOND MARTIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. 79.)  Defendant seeks to reduce his sentence based on the Fair Sentencing Act of 2010 ("FSA"), and Amendment 750 to the United States Sentencing Guidelines.  (Doc. 79.)  Defendant argues the FSA and Amendment 750 apply retroactively to reduce the term of his imprisonment.  For the following reasons, the court denies defendant's motion.

I.   **Factual and Procedural Background**

On April 4, 2005, defendant pleaded guilty to 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), possession with intent to distribute 50 grams or more of a mixture and substance containing cocaine base.  (Doc. 57.)  On July 18, 2005, the court sentenced defendant to the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).  (Doc. 73.)  At the sentencing hearing, the court acknowledged defendant's total offense level was 30 and his criminal history category was II, and that absent the statutory mandatory minimum sentence, defendant's guideline range would have been lower.  (Doc. 73 at 6.)  However, because the statutory mandatory minimum sentence controlled, the

-1-

court imposed a 240-month term of imprisonment based on defendant's offense under 21 U.S.C. § 841 and his prior felony drug conviction. (Doc. 73 at 7.)

On February 6, 2012, defendant filed the current motion seeking a modification and reduction of his sentence based on the recent amendments to the United States Sentencing Guidelines. (Doc. 79.) Specifically, defendant argues that pursuant to the amendments in the FSA and Amendment 750, the advisory guideline range should be 87 to 108 months, and the statutory mandatory minimum sentence should be 120 months. (*Id.*) The government has filed a response in opposition to defendant's motion, and argues the 240-month statutory mandatory minimum sentence controls in defendant's case and remains applicable. (Doc. 82.)

**II.     Legal Standards and Analysis**

**A.  Statutory Mandatory Minimum Sentence**

In July 2005, at the time of defendant's sentencing, the amount of cocaine base required to implicate the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) was 50 grams. Pursuant to the statute, if a defendant has a prior felony drug conviction, the mandatory minimum sentenced is enhanced to 240 months. On August 3, 2010, the Fair Sentencing Act ("FSA") amended 21 U.S.C. § 841(b)(1)(A)(iii) by changing the 50-gram cocaine base threshold to 280 grams. *See* Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). As a result, the FSA effectively reduced the crack cocaine to powder cocaine ratio from 100:1 to 18:1. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011). Under the new ratio, the sentence enhancement for a prior felony drug conviction remains unchanged. 21 U.S.C. § (b)(1)(A). Defendant argues the court should reduce his sentence because he possessed only 119.8 grams of cocaine base, and based on his offense and prior felony drug conviction, the applicable statutory minimum sentence under the FSA should be 120 months.

Defendant misconstrues the relationship between the FSA, which amended the statutory mandatory minimum sentence, and Amendment 750, which may provide for retroactive sentence reductions in certain circumstances. Although the FSA reduced the statutory mandatory minimum sentence for crack cocaine offenses, it does not apply retroactively. *See United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010). The Tenth Circuit has explicitly rejected a retroactive application of the FSA. *Id.* In *Reed*, the Tenth Circuit rejected a claim that the FSA should apply retroactively and stated, "the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Id*. (quoting *United States v. Caradine*, 621 F.3d 575, 580 (6th Cir. 2010)). Accordingly, because the FSA contains no provision for retroactivity, the Tenth Circuit held that the amended ratio did not apply to a defendant who was sentenced before its enactment. *See id.*; *see also Lewis*, 625 F.3d at 1228 (finding that the FSA is not retroactive). Therefore, because the court sentenced defendant in July 2005, before the FSA became effective, the defendant is not eligible for a sentence reduction based on the amended statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii).

### B. Sentencing Guideline Range

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment where the defendant was sentenced based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission. The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011. Pursuant to § 1B1.10 of the sentencing guidelines, part A of Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c). Specifically, the table provides a base offense level depending on the drug quantity attributed to the defendant. U.S.S.G. §

2D1.1(c).  Defendant argues Amendment 750 retroactively applies to lower his guideline range, and thus, the court should reduce his term of imprisonment to 120 months.

Unlike the FSA, the Sentencing Commission provided for Amendment 750 to apply retroactively.  U.S.S.G. § 1B1.10.  The Supreme Court has stated, however, that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  *Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010).  Moreover, the sentencing guidelines provide that a retroactive sentence reduction is not consistent with the policy statements if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Therefore, the court must determine to what extent Amendment 750 can lower defendant's guideline range.

At the sentencing hearing, the court acknowledged that absent the statutory minimum sentence, defendant's guideline range would have been lower.  However, the court sentenced defendant in accord with § 5G1.1(b) of the sentencing guidelines, which provides: "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  Accordingly, the court sentenced defendant based on the statutory mandatory minimum sentence, not the sentencing guidelines.  Because the court did not base defendant's sentence on the guidelines, any amendments to the guidelines will not have the effect of lowering defendant's guideline range.  Application note one of the sentencing guidelines provides additional clarity on this point:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*).

U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added).  The application note describes defendant's exact situation.  Thus, because the statutory mandatory minimum sentence controls, and because the statutory minimum sentence is not retroactive, Amendment 750 does not have the effect of lowering defendant's guideline range.  *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).  Therefore, defendant is not entitled to a sentence reduction under the FSA or the recent amendments to the sentencing guidelines.

**IT IS THEREFORE ORDERED** that defendant's motion is denied.

Dated this 1st day of May, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**